United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 9, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40542
Conference Calendar

_____

KENNETH W. BELL,

Plaintiff-Appellant,

versus

J. MASON, DENTIST; JAMES R. ZELLER, SENIOR WARDEN; ROCHELLE
MCKINNEY, RN, MEDICAL ASSISTANT PATIENT LIAISON OFFICE,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:02-CV-157
--------------------

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Kenneth W. Bell, Texas prisoner # 664980, appeals the
dismissal of his 42 U.S.C. § 1983 civil rights complaint
pursuant to 28 U.S.C. § 1915A(b)(1).  Bell argues that Dr. J.
Mason, a prison dentist, was deliberately indifferent to his
serious medical needs in violation of the Eighth Amendment
because Dr. Mason removed a wisdom tooth while it was infected.
He further argues that other prison officials are liable to him
because they denied his Step 1 and Step 2 grievance forms

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

in which he complained about the treatment he received from Dr. Mason.

Bell has not alleged facts sufficient to raise an inference that Dr. Mason was deliberately indifferent to Bell's serious medical needs.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976). To the extent that Bell disagrees with prison officials regarding his medical treatment, such disagreements are not cognizable under 42 U.S.C. § 1983.  See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).  Consequently, Bell's derivative claims against the prison officials who denied his grievance forms also fail.

Bell also argues that the district court's dismissal of his complaint had the effect of denying him access to the courts. This argument is frivolous as Bell was allowed to file his complaint and was given ample opportunity to develop his claims. See Lewis v. Casey, 518 U.S. 343, 355-56 (1996).

Because this appeal is frivolous, it is DISMISSED. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.  We caution Bell that the dismissal of this appeal as frivolous and the dismissal of the complaint by the district court as frivolous and for failure to state a claim both count as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).

APPEAL DISMISSED; SANCTION WARNING ISSUED.